**GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant,**

v.

**Irene M. JOHNSON et al., Respondents.**

No. 40276.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 24, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 17, 1979.

Application to Transfer Denied
Oct. 10, 1979.

Wuestling & James, William F. James, St. Louis, for appellant.

George R. Gerhard, St. Louis, Stanley Morris, Public Admr., Jackson County, Kansas City, Ralph E. Pratt, Independence, France Fuchs, Arlington Heights, Ill., Daniel W. Brown, St. Louis, for respondents.

CRIST, Judge.

Declaratory Judgment Action.

Plaintiff, Government Employees Insurance Company, sought from the court below a declaratory judgment that it was not liable under an insurance policy issued to the late Paul Albert Fuchs. The policy had been issued to Fuchs to cover his privately-owned 1967 Plymouth. The policy also provided coverage to Fuchs when he drove a "non-owned automobile," *i. e.* an automobile not owned by or furnished for the regular use of Fuchs. Out of this additional coverage, the present suit arises.

Fuchs's employer provided him with a leased 1972 Chevrolet. Fuchs, on September 13, 1972, drove this company car into a collision with a train. Fuchs and a co-employee were killed. The wife and children of the co-employee claim coverage under the insurance policy issued on the 1967 Plymouth. The trial court found coverage. We reverse and remand.

We are not unmindful of Rule 73.01 as explained by *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976). Nevertheless, the evidence in the record, when considered in light of *State Farm Mutual Automobile Insurance Co. v. Western Casualty and Surety Company*, 477 S.W.2d 421 (Mo.banc 1972), compels us to disagree with the court below.

The vice-president in charge of sales of Pinkerton Tobacco Company, a subsidiary of Liggett and Myers, Inc., (employer of Fuchs), deposed that although Fuchs was required to sign an agreement to use the car only for business and to allow only employees of the company to ride in it, that agreement was not enforced. In reality, the company's policy was to allow the private use of the car by Fuchs or his wife at a rate of 3½ cents per mile when Fuchs was not using it to perform his job duties. The car could be used in the western half of Missouri without special permission and outside of the area with special permission. Mrs. Fuchs's deposition is generally in accord with the deposition of Mr. Ring. It appears from her deposition that Fuchs had almost exclusive use of the company car for business and private uses. Several memoranda on Pinkerton's letterhead circulated to employees also imply that personal use of company cars was commonplace.

The issue in this case is whether the company car was furnished to Fuchs for his regular use. In holding it was, we consider the factors set out in *State Farm Mutual Automobile Insurance Co. v. Western Casualty and Surety Co., supra*. Fuchs had used the car for two months for both business and pleasure. The company permitted him to do so with few limitations. Fuchs commonly had simultaneous use of his 1967 Plymouth as well; this frequent, simultaneous use of the two cars was not in harmony with the objective of the non-owned automobile clause of the insurance policy. *Accord, Farmers Insurance Co. v. Morris*, 541 S.W.2d 66 (Mo.App.1976).

The judgment of the trial court is reversed and remanded with directions to enter judgment that the policy issued by plaintiff did not cover the collision of Fuchs's company car with the train on September 13, 1972.

REINHARD, P. J., and GUNN, J., concur.